United States District Court
for the
Eastern District of New York

| | | |
|---|---|---|
| CALIBER HOME LOANS, INC. | ) | |
| | ) | Civil Action No.  17-cv-3888 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| | ) | |
| ANTONIO G. QUINONES, CELINA C. | ) | |
| QUINONES, CLERK OF THE SUFFOLK | ) | |
| COUNTY DISTRICT COURT, CLERK OF | ) | |
| THE SUFFOLK COUNTY TRAFFIC & | ) | |
| PARKING VIOLATIONS AGENCY, | ) | |
| | ) | |
| Defendant(s) | | |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1.     This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 236 West 24th Street, Deer Park, NY 11729, together with the land, buildings, and other improvements located on the Property ("Property").  The legal description of the Property is attached as Schedule B.

## PARTIES

2.     Plaintiff is incorporated under the laws of the State of Delaware with its principal place of business at 13801 Wireless Way Oklahoma City, OK 73134. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule A is a copy of the original note.

3.     Defendant Antonio G. Quinones is a citizen of California, and the owner of the Property.

4.     Defendant Celina C. Quinones is a citizen of New York, and the owner of the Property.

5.     Defendant Clerk of the Suffolk County District Court is a county department existing under the laws of New York with its principal place of business in 400 Carleton Avenue, Central Islip, NY 11722, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

6.     Defendant Clerk of the Suffolk County Traffic & Parking Violations Agency is a county department existing under the laws of New York with its principal place of business in 100 Veterans Memorial Highway, Hauppauge, NY 11788, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

7.     The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage.  The interest or lien of each defendant is attached as Schedule C.

8.     The interest or lien of any governmental entity is attached as Schedule D.

## STATEMENT OF JURISDICTION

9.     Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

10.     Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

11.     On or about June 11, 2015, Antonio G. Quinones executed and delivered a Note whereby Antonio G. Quinones promised to pay the sum of $265,109.00 plus interest on the unpaid amount due.

12.     As security for the payment of the Note Antonio G. Quinones duly executed and delivered a Mortgage, in the amount of $265,109.00 which was recorded as follows.

Recording Date: July 13, 2015
Book 22607/Page 315
Suffolk County Clerk

13.     The Mortgage was subsequently assigned to Caliber Home Loans, Inc.

14.     At the time the note and mortgage were executed and delivered Antonio G. Quinones was in title to the property. On February 24th, 2017 Antonio G. Quinones transferred the property to Antonio G. Quinones and Celina C. Quinones who are listed on Schedule C as the current owners of the property.

15.     Antonio G. Quinones failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on December 1, 2016 and

subsequent payments.

16.   There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $258,437.66
Interest Rate: 3.75%
Date Interest Accrues from: November 1, 2016

Together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure.

17.   In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

18.   Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

19.   No action was brought to recover any part of the Mortgage debt.

**WHEREFORE, PLAINTIFF DEMANDS**:

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;

b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;

c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;

d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;

e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;

   f.   Plaintiff may purchase the Property at the sale;

   g.   A receiver be appointed for the Property, if requested by Plaintiff;

   h.   A deficiency judgment against Antonio G. Quinones, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;

   i.   If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;

   j.   That the Court award Plaintiff additional relief that is just, equitable and proper.


Dated: June 29, 2017
       Westbury, New York

By: _____

Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716) 204-1700

## Schedule A

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

## Schedule B - Legal Description

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Babylon, County of Suffolk and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of West Twenty-Fourth Street distant 1110 feet southerly from the corner formed by the intersection of the westerly side of West Twenty-Fourth Street with the southerly side of Dix Street;

RUNNING THENCE along the westerly side of West Twenty-Fourth Street, South 6 degrees 32 minutes 02 seconds East 75 feet;

THENCE South 83 degrees 27 minutes 58 seconds West 383 feet to land now or formerly of the Town of Babylon;

THENCE along said land, North 4 degrees 14 minutes 36 seconds West 75.06 feet;

THENCE North 83 degrees 27 minutes 58 seconds East 380 feet to the westerly side of West Twenty-Fourth Street and the point or place of BEGINNING.

## **Schedule C-Defendants**

Antonio G. Quinones                         Borrower
                                            Record owner

Celina C. Quinones                          Record owner

## **Schedule D – Defendants**

Clerk of the Suffolk County Traffic & Parking     Holder of a lien, see attached
Violations Agency

Clerk of the Suffolk County District Court         Holder of a lien, see attached